UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Frankie Edwards Adams, | Case No. 22-cv-1902 (ECT/LIB) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| City of St. Paul,[1] | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendant's, the City of St. Paul, Motion to Dismiss, [Docket No. 12], and Plaintiff's various Motions. [Docket Nos. 23, 27, 28, 32]. The Court took the parties' Motions under advisement on the written submissions of the parties. (See Order [Docket No. 22]).

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 12], be **GRANTED** and the above captioned matter be **DISMISSED with prejudice**.

Accordingly, Plaintiff's "Motion for First Amendment Concerns and Violations," [Docket No. 23], is **DENIED as moot**; Plaintiff's "Motion to Conduct Discovery and Investigate," [Docket No. 27], is **DENIED as moot**; Plaintiff's "Motion to Grant Complaint and Move Court to Conduct Discovery," [Docket No. 28], is **DENIED as moot**; and Plaintiff's "Ex Parte Motion [to] Expose Fraud Upon the Court," [Docket No. 32], is **DENIED as moot**.

---

[1] In the caption of his Complaint, Plaintiff lists the "Defendants" as "CITY OF ST PAUL ET. AL. AND UNKNOWN AGENTS." (Compl. [Docket No. 1] at 1). In listing the defendants in his form Complaint, Plaintiff lists only the City of St. Paul as a defendant, and although Plaintiff at times makes references in his Complaint to other unknown officers, the City of St. Paul is the only named defendant in the present case. (Id. at 4).

I.       Background[2]

On November 29, 2018, Plaintiff asserts he received a letter from the Ramsey County District Court's Clerk's office informing him that an unspecified document previously submitted by Plaintiff was being rejected. (Exhibit [Docket No. 33]).[3] The letter further informed Plaintiff of the corrections required before the filing would be accepted. Specifically, Plaintiff was informed that his filing was missing a signature, proper notarization, a filing fee, and a certificate of representation. (Id.). Plaintiff was further informed that his materials were submitted on paperwork for the incorrect county. (Id.).

On December 17, 2018, the City of St. Paul's City Clerk's office received a summons and complaint titled Frankie Adams v. City of St. Paul, City of St. Paul Zoning Department, & St. Paul Police & Parking Enforcement (hereinafter "State Court Complaint"). (Exhibit 8 [Docket No. 17-2] at 78–89; Moore Decl. [Docket No. 18] ¶ 6). The summons and complaint came from Frankie Adams, the plaintiff in the present case. (See Exhibit 8 [Docket No. 17-2] at 78–89).

The allegations in Plaintiff's State Court Complaint relate to his belief that he is the subject of continued harassment as a result of a conspiracy between the City of St. Paul, the City of St. Paul Zoning Department, the St. Paul Police Department, and the St. Paul Parking Enforcement office. (See Id.).

---

[2] For the purposes of the present Motion to Dismiss, the Court accepts the facts alleged in the Complaint as true and construes said facts in the light most favorable to Plaintiff. See Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). The facts here are taken from Plaintiff's Complaint, [Docket No. 1], as well as, documents and judicial records implicitly referenced in Plaintiff's Complaint and matters of public record. Generally, in evaluating a complaint, materials outside the pleading cannot be considered on a motion to dismiss. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a Court "may consider the pleadings themselves, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079); see, e.g., Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

[3] Plaintiff asserts that the document sent to the Ramsey County District Court's Clerk's office was a copy of his prior State Court Complaint; however, as discussed more fully below, see fn. 9, the record now before the Court does not support this assertion. It is, however, unnecessary for the Court to resolve this issue in the present case because the Ramsey County District Court's Clerk's office rejected the filing.

In his State Court Complaint, Plaintiff alleged he had been sexually assaulted by an unidentified St. Paul police officer in 2009, and he further alleged that as retaliation for reporting the incident each of the several "internal affairs complaints" he filed was dismissed by the chief of police. (Id. at 80). Plaintiff also alleged other incidents of retaliation. (See Id.). For example, Plaintiff alleged that on January 3, 2010, law enforcement officers had repeatedly kicked Plaintiff's head during an incident where the law enforcement officers allegedly "raided [Plaintiff] under false pretenses at his cousin['s] home." (Id. at 81). In late 2010, unidentified law enforcement officers from the St. Paul Police Department "set the plaintiff up on a falsified controlled buy," which resulted in Plaintiff being returned to "federal prison on a probation violation to serve out the remainder of his federal sentence." (Id.). Plaintiff further claims that upon his release from prison in 2011, he successfully sued the St. Paul police department for the "false evidence" used in the "falsified controlled buy." (Id. at 82).

In his State Court Complaint, Plaintiff also alleged that at some point in 2013, he was again attacked by law enforcement officers from the St. Paul Police Department when two officers "parked their car around the corner," snuck up on Plaintiff, "slammed him against a parked car," and tased him. (Id.). Plaintiff further alleged that a video of this incident exists, and he claims he utilized said video to successfully sue the St. Paul Police Department in Federal Court. (Id.).

Plaintiff's State Court Complaint continues by alleging that the St. Paul Police Department recruited the help of the St. Paul Zoning Department and the St. Paul Parking Enforcement office to harass Plaintiff. Specifically, Plaintiff alleged that over the course of a month an official from the Zoning Department issued two violation citations to Plaintiff each week informing Plaintiff that he was required to remove certain things from his property. (Id. at

3

83). Plaintiff unsuccessfully contested the violations at a "city hall meeting," and he was ordered to remove the identified items from his property. (Id.).

Plaintiff further alleges that while he was attempting to remove the items as ordered, law enforcement officers and individuals from the Zoning Department arrived at Plaintiff's property; removed the remaining items, including a snow blower, a lawn mower, a weed whacker, and a 400 rear truck axle; destroyed his mailbox along with the mail contained therein; and "marked" the tires of several vehicles on his property. (Id. at 84). Plaintiff further claims that the following day law enforcement officers arrived with tow trucks, and they "removed all the cars" despite the vehicles being in violation of no laws. (Id.).

Plaintiff's State Court Complaint also alleges that in 2016 law enforcement officers falsified a "gun charge" against Plaintiff which resulted in his arrest. (Id. at 86). During the arrest, the officers impounded a bus which included all the keys belonging to a company owned by Plaintiff and his friend. (Id.). Although the bus was eventually returned, the keys were purportedly never returned. (Id.).

The State Court Complaint also describes an undated incident as being the most recent incident. (Id. at 88). During this incident, two law enforcement officers allegedly approached Plaintiff, threatened him with bodily harm, and arrested him without cause. (Id.). Upon arresting Plaintiff, the law enforcement officers allegedly contacted a parking enforcement officer who "marked the tires" of Plaintiff's vehicles at Plaintiff's place of business. (Id.). The following day, his five vehicles were impounded. (Id.).

Plaintiff's State Court Complaint sets out the following claims: "claim of negligence and harassment under Minn. Stat. § 541.07, (1), Minn. Stat. § 541.05 Subd. (1)(7), Minn. Stat. § 609.505, subd. 2 and the Fourth Amendment of the United States Constitution, U.S. Const.

amend. IV"; "First Amendment retaliation"; and "lastly the [E]ighth Amendment." (See Id. at 80).

As observed above, on December 17, 2018, the City of St. Paul's City Clerk's office received a copy of a summons and the Plaintiff's State Court Complaint. It does not appear that the City of St. Paul took any relevant action related to Plaintiff's State Court Complaint after receiving a copy of said Complaint.

The Court's review of the publicly available records on the Minnesota Judicial Branch's online records system demonstrates that Plaintiff never filed his State Court Complaint with the Ramsey County District Court or any other Minnesota State Court. See Minnesota Court Records Online (MCRO), https://publicaccess.courts.state.mn.us/CaseSearch (entering Plaintiff's name in the appropriate field, setting the "Case Status" field to "All," setting the "Court Locations" field to "Statewide," and clicking "Find") (last visited February 9, 2023). Additionally, Defendant's counsel submitted a sworn declaration in which he states that his "exhaustive search of" the Minnesota Government Access database failed to locate any Minnesota State Court action by Plaintiff against the City of St. Paul which was initiated by or based on Plaintiff's State Court Complaint. (Citta Decl. [Docket No. 17] ¶¶ 2–4).[4]

On July 29, 2022, Plaintiff initiated the present Federal Court action by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint names as defendant the City of St. Paul. (Compl. [Docket No. 1]). The allegations in Plaintiff's present Complaint are largely summaries of his allegations in his State Court Complaint, although Plaintiff does allege some additional reasons which he believes motivated Defendant's alleged actions. (See Id.). For example,

---

[4] The Minnesota Government Access database is an online application which allows Minnesota government agencies to access court records and documents stored in the Minnesota Court Information System. (Id.). Defendant's counsel has access to the Minnesota Government Access database as a result of his being employed at the City St. Paul's City Attorney's office. (Id.).

Plaintiff's Complaint here alleges that "[b]etween January 2010 and 2013" Plaintiff suffered "attacks and harassment by St. Paul Police Officials" because said officials wanted Plaintiff to operate as a confidential informant. (Id. at 4). Plaintiff's Complaint also alleges that St. Paul law enforcement officers continued to harass Plaintiff with the help of the St. Paul Zoning Department and the St. Paul Parking Enforcement office by issuing violation tickets; denying his request for relief from the allegedly improper tickets; seizing his property, including a snow blower, a lawn mower, a weed whacker, and a rear truck axle; improperly "marking" vehicles at his place of business; and destroying his mailbox. (Id. at 5–7). All of the allegations in his present Complaint are alleged to have occurred before December 17, 2018. (See Id.). On the basis of the allegations in his present Complaint, Plaintiff alleges two causes of action: a "violation of Fourth and Fourteenth [Amendment] right to be free from unreasonable search and seizures" and a "violation of the Fourteenth Amendment Due Process and Equal Protection clauses of the Constitution and law of the United States." (Id. at 7–8) (capitalization corrected).

On October 18, 2022, Defendant the City of St. Paul filed the present Motion to Dismiss, and the documents in support of said Motion. Thereafter, the undersigned issued an Order establishing a schedule for the parties to submit briefs related to Defendant's Motion to Dismiss. (Order [Docket No. 22]). Plaintiff was permitted until December 1, 2022, to file his response to Defendant's Motion to Dismiss. (Id.).

Rather than file a direct response to Defendant's Motion to Dismiss, Plaintiff filed several Motions of his own. On November 28, 2022, Plaintiff filed his "Motion for First Amendment Concerns and Violations," [Docket No. 23]; his "Motion to Conduct Discovery and Investigate," [Docket No. 27]; and his "Motion to Grant Complaint and Move Court to Conduct Discovery." [Docket No. 28]. Through each of these Motions, Plaintiff argues that Defendant's Motion to

6

Dismiss is without merit and the Court therefore should permit Plaintiff to begin seeking discovery in the present action.

On January 3, 2023, Plaintiff filed his "Ex Parte Motion [to] Expose Fraud Upon the Court," [Docket No. 32], as well as, an exhibit[5] on which he included several handwritten notes. Because the Plaintiff labelled the document as an "Ex Parte Motion," the document was filed as a motion, and it was filed as an ex parte docket entry with restricted access.[6]

## II.    Defendant's Motion to Dismiss. [Docket No. 12].

Through its present Motion, Defendant seeks an Order of this Court dismissing all of Plaintiff's claims in his present Complaint. (See Def.'s Mot. [Docket No. 12]). In support of this request, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff's claims in the present case are precluded by the doctrine of res judicata. (Def.'s Mem. [Docket No. 16]).

### A. Standard of Review

In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, courts look to the facts alleged in the complaint and construe those facts in the light most favorable to the nonmoving party. Riley v. St. Louis County Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)). All reasonable inferences must be drawn in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

---

[5] This exhibit is the November 29, 2018, letter from the Ramsey County District Court to Plaintiff rejecting Plaintiff's filing, as already discussed above.
[6] Neither Plaintiff's Motion nor the attached exhibit should have been in the form of an ex parte document or been filed with restricted access. Thus, the Clerk of Court's office will be directed to provide Defendant and the public with access to Docket Nos. 32 and 33.

requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–67) (quotations omitted). "While legal conclusion can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Even considering the liberal construction given to a pro se plaintiff's pleadings, the facts alleged in a complaint must state a claim for relief as a matter of law. Sorenson v. Minnesota Dep't of Corr., No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (citing Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted).

**B. Analysis**

As observed above, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted because the dismissal with prejudice of Plaintiff's State Court Complaint renders all of his present claims precluded under the doctrine of res judicata. Plaintiff argues that his claims are not barred by the doctrine of res judicata because his State Court Complaint was not dismissed with prejudice.

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). A federal court must give the same preclusive effect to a state court judgment that said state court judgment would receive in the courts of the state from which the judgment emerged. Brown v. Kansas City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019); 28 U.S.C. § 1738. "[T]he law of the forum that rendered the first judgment controls the res judicata analysis." Brown, 931 F.3d at 714; St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008).

Because the judgment at issue in the present case was effected through the operation of Minnesota Rule of Civil Procedure 5.04, Minnesota's doctrine of res judicata applies. See Brown, 931 F.3d at 714. In Minnesota, the disposition of an earlier claim bars the litigation of a subsequent claim where "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 971 (8th Cir. 2018) (alteration in original); see Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in

9

the earlier action." Lansing, 894 F.3d at 971; see Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 220 (Minn. 2007).

### 1. Same Set of Factual Circumstances

Regarding the first element required for the application of the doctrine of res judicata, Minnesota courts prohibit a party from splitting its causes of action by bringing successive suits involving the same factual circumstances. Aaron Carlson Corp. v. Cohen, 933 N.W.2d 63, 72 (Minn. 2019); Hauser v. Mealey, 263 N.W.2d 803, 807 (Minn. 1978). The prohibition applies equally to the facts raised in the earlier litigation and facts which could have been raised in the earlier litigation. See Aaron Carlson Corp., 933 N.W.2d at 72.

In the present case, Plaintiff's present Federal Court Complaint and Plaintiff's State Court Complaint patently arises from the same set of factual circumstances. Both Plaintiff's present Complaint and Plaintiff's State Court Complaint are comprised of Plaintiff's allegations that the City of St. Paul, law enforcement officers, the Zoning Department, and the Parking Enforcement office harassed Plaintiff through the alleged use of violence, ticketing, arresting, and impounding his property. Moreover, Plaintiff's present Complaint lacks any factual allegation which is alleged to have occurred after the drafting of Plaintiff's State Court Complaint, and there is no indication on the record now before the Court that any factual allegation in Plaintiff's present Complaint was unknown to Plaintiff at the time he drafted his State Court Complaint. Plaintiff's addition in the present Complaint of allegations proffering additional suspected rationales for why the alleged actions were taken does not preclude the application of the doctrine of res judicata. Ward v. El Rancho Manana, Inc., 945 N.W.2d 439, 447 (Minn. Ct. App. 2020); Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 971 (8th Cir. 2018).

Plaintiff's present Complaint and his State Court Complaint both describe the same incidents and arise out of the same set of factual circumstances. Notably, Plaintiff does not argue that the two Complaints arise out of different sets of factual circumstances.

Thus, the first element of the res judicata doctrine is met here. Ward v. El Rancho Manana, Inc., 945 N.W.2d 439, 447 (Minn. Ct. App. 2020).

### 2. Same Parties or Privies

The second res judicata element is satisfied here because Plaintiff's State Court Complaint involved the same parties as his present Federal Court Complaint. Frankie Edward Adams initiated the state court action involving the State Court Complaint with the City of St. Paul as one of the defendants named in that action. The City of St. Paul was the only defendant served with a copy of the State Court Complaint.

Similarly, Frankie Edward Adams is the plaintiff in this action, and the City of St. Paul is the only named defendant in this action.[7]

Thus, the second element of the res judicata doctrine is met because the present Complaint involves the same parties as were involved in the State Court Complaint.

### 3. Final Judgment on the Merits

The third res judicata element is satisfied if the prior action resulted in a final judgment on the merits. "A dismissal with prejudice, even if based on nonsubstantive grounds, is an adjudication on the merits and can form a basis for res judicata." Nielsen v. Eller Media Co., No. A07-296, 2008 WL 1747893, at *3 (Minn. Ct. App. Apr. 15, 2008) (citing Johnson v. Hunter, 447 N.W.2d 871, 873 (Minn. 1989)).

---

[7] Notably, here again Plaintiff does not argue that the State Court Complaint and the present Complaint involve different parties.

Minnesota Rule of Civil Procedure 3.01(a) provides that a civil action in Minnesota state court is commenced upon the service of a summons on a defendant. Minn. R. Civ. P. 3.01(a). Rule 3.01 further provides that the "[f]iling requirements are set forth in Rule 5.04, which requires filing with the court within one year after commencement for non-family cases." Minn. R. Civ. P. 3.01. Pursuant to Minnesota Rule of Civil Procedure 5.04(a), "[a]ny action that is not filed with the court within one year of commencement against any party is deemed dismissed with prejudice against all parties unless the parties within that year sign a stipulation to extend the filing period." Minn. R. Civ. P. 5.04(a). Dismissal with prejudice under Rule 5.04 is automatic and requires no judicial action. Cornell v. Ripka, 897 N.W.2d 801, 807 (Minn. Ct. App. 2017) (quoting Gams v. Houghton, 884 N.W.2d 611, 617 (Minn. 2016)).

In the present case, Plaintiff's Minnesota state court action commenced on December 17, 2018, when Plaintiff's State Court Complaint was served upon the City of St. Paul at its City Clerk's office. Minn. R. Civ. P. 3.01(a). Plaintiff did not file his State Court Complaint with the Minnesota state courts. Thus, on December 17, 2019, Plaintiff's State Court Complaint was automatically deemed dismissed with prejudice. Minn. R. Civ. P. 5.04(a); Cornell, 897 N.W.2d at 807; Gams, 884 N.W.2d at 617. The dismissal of Plaintiff's State Court Complaint pursuant to Rule 5.04(a) operates as a final judgment on the merits. Ngwa v. Minnesota Dept of Hum. Servs., No. 18-cv-2969 (WMW/BRT), 2020 WL 1061441, at *2 (D. Minn. Mar. 5, 2020); Cornell, 897 N.W.2d at 806–07; see Nielsen v. Eller Media Co., No. A07-296, 2008 WL 1747893, at *3 (Minn. Ct. App. Apr. 15, 2008); Johnson v. Hunter, 447 N.W.2d 871, 873 (Minn. 1989).

Plaintiff now argues that Rule 5.04(a) does not operate as a final judgment on the merits of his State Court Complaint. Plaintiff bases this argument on his incorrect factual assertion that

he filed his State Court Complaint with the Minnesota state court before the expiration of the time permitted under Rule 5.04(a). In support of this assertion, Plaintiff relies on a letter he received from the Ramsey County District Court's Civil Division office on November 29, 2018.[8] The Court finds Plaintiff's contention here to be unpersuasive for at least two reasons.

First, the November 29, 2018, letter from the Ramsey County District Court's Civil Division office rejecting an unspecified document Plaintiff previously sent to that office does not identify the document that was rejected as a complaint. The November 29, 2018, letter fails to provide any indication that it was the State Court Complaint which Plaintiff sent to the Ramsey County District Court's Civil Division office. In fact, the letter provides at least some indication that the document Plaintiff had sent was a motion rather than a complaint. (See Letter [Docket No. 33]) (referencing the missing materials which warranted rejection and noting that the correct filing fee was $300 for the initial fee and $75 for a "motion fee").[9]

Second, even assuming solely for the sake of argument that the document Plaintiff previously sent to the Ramsey County District Court's Clerk's office was a copy of Plaintiff's State Court Complaint, the November 29, 2018, letter fails to provide any indication that the document at issue in the letter was ever accepted as properly filed with the Minnesota state court. Instead, the November 29, 2018, letter rejected the document Plaintiff sent to the Ramsey County District Court's Clerk's office and instructed Plaintiff to return the document to the

---

[8] Initially, Plaintiff also argued that his State Court Complaint had been filed with the Court because it was accepted by a "clerk" when he sent a summons and a copy of the State Court Complaint to the City of St. Paul. This argument is, however, based on a misunderstanding of the different individuals involved. When Plaintiff sent a summons and a copy of the State Court Complaint to the City of St. Paul it was accepted as service by the City Clerk's office on behalf of the City of St. Paul. The St. Paul City Clerk's office is not the court, and thus, the service of the summons and a copy of the State Court Complaint upon the City of St. Paul via the City Clerk's office is not the same as filing the State Court Complaint with the Ramsey County District Court.

[9] This inference is supported by another of Plaintiff's exhibits. Plaintiff filed a copy of document entitled "Emergency Ex Part Motion and Order Injunctive Relief," [Docket No. 24], which appears to have been prepared for sending to the Ramsey County District Court's Clerk's office. Although it is not patently evident on the record now before the Court, it seems reasonable that this "Emergency Ex Part Motion and Order Injunctive Relief," is the document Plaintiff sent to the Ramsey County District Court's Clerk's office rather than a copy of Plaintiff's State Court Complaint.

Ramsey County District Court's Civil Division office with the identified missing materials and including the correct required filing fee. Pursuant to Minnesota law, a filing may be properly rejected if it is tendered without the required filing fee. See, e.g., Matter of Mager, No. A22-0580, 2022 WL 6272085, at *1 (Minn. Ct. App. Oct. 5, 2022) (citing Minn. R. Civ. P. 5.04(c)(1)), review denied (Jan. 17, 2023).

Thus, the third res judicata element is met because automatic dismissal with prejudice of Plaintiff's State Court Complaint pursuant to Rule 5.04(a) operates as a final judgment on the merits.

### 4. Full and Fair Opportunity to Litigate

The "full and fair opportunity to litigate" element considers "whether there were significant procedural limitations on the prior proceedings, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." State v. Joseph, 636 N.W.2d 322, 328–29 (Minn. 2001).

Plaintiff fails to identify, and the record does not demonstrate, any indication that there were significant procedural limitations on Plaintiff's ability to litigate the same claims in his State Court Complaint. On the record now before the Court, it appears that Plaintiff had every incentive to fully litigate the claims in his State Court Complaint. Likewise, the record now before the Court lacks any indication that the nature or relationship between Plaintiff and the City of St. Paul limited Plaintiff's ability to effectively litigate the claims in his State Court Complaint. Although Plaintiff was proceeding pro se in pursuing his State Court Complaint and is proceeding pro se in the present action, his pro se status "does not deprive [him] of a full and fair opportunity to litigate. Parties proceeding pro se are not exempt from the doctrine of" res judicata. Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 972 (8th Cir. 2018). The record now

before the Court demonstrates that Plaintiff had a full and fair opportunity to litigate the claims in his earlier State Court Complaint.

In summary, the facts and circumstances of this case satisfy the four requirements for the application of the doctrine of res judicata to all of Plaintiff's claims in his present Complaint. Plaintiff is thus substantively barred from raising the claims in his present Federal Court Complaint.[10]

Therefore, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 12], be **GRANTED** and Plaintiff's Complaint be **DISMISSED with prejudice**.[11]

### III. Plaintiff's Various Motions. [Docket Nos. 23, 27, 28, 32].

As observed above, in response to the Motion to Dismiss, Plaintiff filed various Motions. [Docket Nos. 23, 27, 28, 32]. Each of Plaintiff's Motions is difficult to parse, and several of his Motions contain conflicting factual assertions. Generally speaking, however, Plaintiff's Motions offer arguments in support of his overarching claims, proffer allegations that Defendant has entered into conspiracies to obfuscate the facts of the present case, ask the Court to "grant his Complaint,"[12] and requests the Court permit the immediate exchange of discovery.

---

[10] As discussed above, the City of St. Paul is the only named defendant in the present action. Nevertheless, the Court notes for the sake of completeness that even assuming solely for the sake of argument that Plaintiff intended to name certain law enforcement officers as defendants in the present action and raise claims against those officers based on the allegations in his present Complaint those claims are also be barred by the doctrine of res judicata even though said officers were not named defendants in the State Court Complaint because the doctrine of res judicata bars claims that could have been litigated. See Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 971 (8th Cir. 2018); Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004); Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 220 (Minn. 2007). There is no indication on the record now before the Court that Plaintiff could not have raised claims against these hypothetical officers in his State Court Complaint.

[11] A dismissal pursuant to the doctrine of res judicata is properly dismissed with prejudice. See Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 969, 972 (8th Cir. 2018); Mehralian v. Parkland Ests. Homeowner Ass'n, No. 20-cv-855 (NEB/HB), 2020 WL 6144665, at *7 (D. Minn. Aug. 24, 2020), aff'd, 2021 WL 1541351 (8th Cir. Feb. 17, 2021); Ngwa v. Minnesota Dept of Hum. Servs., No. 18-cv-2969 (WMW/BRT), 2020 WL 1061441, at *3 (D. Minn. Mar. 5, 2020).

[12] Although Plaintiff's Motions repeatedly ask this Court to "grant his Complaint," Plaintiff does not adequately articulate the relief he seeks in "grant[ing] his Complaint." As best the Court can decipher Plaintiff uses this expression to asks this Court to discount or dismiss Defendant's Motion to Dismiss and permit Plaintiff to begin litigating the present case through the exchange of discovery.

More specifically, Plaintiff's "Motion of First Amendment Concerns and Violations," [Docket No. 23], seeks an Order of this Court permitting discovery and investigation into the merits of the present case and into Plaintiff's allegations that Defendant has entered into certain conspiracies to avoid liability in the present action. Similarly, Plaintiff's Motion to Conduct Discovery and Investigate," [Docket No. 27], asks this Court to permit the exchange of discovery in the present case and schedule this matter for a jury trial. Plaintiff's "Motion to Grant Complaint and Move Court to Conduct Discovery," [Docket No. 28], seeks an Order of this Court "grant[ing] his Complaint" and permitting Plaintiff to engage in the exchange of discovery. Plaintiff's "Ex Parte Motion [to] Expose Fraud Upon the Court," [Docket No. 32], seeks an Order of this Court "grant[ing] his Complaint."

The undersigned's recommendation that Defendant's Motion to Dismiss, [Docket No. 12], be granted and the present action be dismissed with prejudice pursuant to the doctrine of res judicata renders each of Plaintiff's Motions moot. The Court need not and will not repeat its analysis here. It is sufficient to state that Plaintiff's requests for discovery are moot because the claims in his present Complaint are substantively barred by the doctrine of res judicata, and nothing in Plaintiff's Motions, including his conclusory and unfounded allegations of Defendant having entered into a conspiracy to defraud this Court, alters the Court's analysis related to the doctrine of res judicata.

Accordingly, Plaintiff's "Motion for First Amendment Concerns and Violations," [Docket No. 23], is **DENIED as moot**; Plaintiff's "Motion to Conduct Discovery and Investigate," [Docket No. 27], is **DENIED as moot**; Plaintiff's "Motion to Grant Complaint and Move Court to Conduct Discovery," [Docket No. 28], is **DENIED as moot**; and Plaintiff's "Ex Parte Motion [to] Expose Fraud Upon the Court," [Docket No. 32], is **DENIED as moot**.

IV.  **Conclusion**

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's "Motion for First Amendment Concerns and Violations," [Docket No. 23], is **DENIED as moot**;

2. Plaintiff's "Motion to Conduct Discovery and Investigate," [Docket No. 27], is **DENIED as moot**;

3. Plaintiff's "Motion to Grant Complaint and Move Court to Conduct Discovery," [Docket No. 28], is **DENIED as moot**;

4. Plaintiff's "Ex Parte Motion [to] Expose Fraud Upon the Court," [Docket No. 32], is **DENIED as moot**; and

5. The Clerk of Court's office is directed to designate Docket Nos. 32 and 33 as publicly filed documents.

Furthermore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss Motion to Dismiss, [Docket No. 12], be **GRANTED**; and

2. The above captioned matter be **DISMISSED with prejudice**.


Dated: February 9, 2023            _s/Leo I. Brisbois_____
                                   Hon. Leo I. Brisbois
                                   United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).