UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Frankie Edward Adams,                           File No. 22-cv-1902 (ECT/LIB)

    Plaintiff,

v.                                              **ORDER**

City of St. Paul,

    Defendant.

---

Plaintiff Frankie Edward Adams objects to Magistrate Judge Leo I. Brisbois's Order and Report and Recommendation dated February 9, 2023.[1] In the Order and Report and Recommendation [ECF No. 34], Magistrate Judge Brisbois denied as moot several non-dispositive motions Mr. Adams filed [ECF Nos. 23, 27, 28, and 32] and recommended the with-prejudice dismissal of Mr. Adams's Complaint. That part of the Order and Report and Recommendation suggesting dismissal of Mr. Adams's Complaint will be reviewed *de novo*. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) and D. Minn. LR 72.2(b)(3). That part denying Mr. Adams's non-dispositive motions will be reviewed to determine whether it is in any respect "clearly erroneous or contrary to law." 28 U.S.C. §

---

[1] Any objections to the Order and Report and Recommendation were due to be filed and served "within 14 days after [Adams was] served with a copy[.]" D. Minn. LR 72.2(a)(1), (b)(1). Mr. Adams's objections were filed on March 1, 2023. ECF No. 36. The record does not show when Mr. Adams was served with the Order and Report and Recommendation, meaning we do not know whether Mr. Adams's objections are timely. The objections will be considered without regard to their timeliness. Defendant does not argue that Mr. Adams's objections are untimely. Any delay would have been insignificant and non-prejudicial. And the fact that Mr. Adams is prosecuting this action *pro se* while incarcerated in a federal penitentiary in West Virginia weighs in favor of leniency.

636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) and D. Minn. LR 72.2(a)(3). This order presumes familiarity with the Order and Report and Recommendation.

I

Mr. Adams points out that he did not consent to a magistrate judge making rulings in his case. ECF No. 36 ¶¶ 1–7. Mr. Adams is factually correct, but that doesn't mean Magistrate Judge Brisbois lacked legal authority to issue the Order and Report and Recommendation. Whether a litigant consents or not, the law gives magistrate judges the power to decide non-dispositive pretrial matters and to recommend disposition of dispositive matters in cases where a district judge designates the magistrate judge to do so. 28 U.S.C. § 636(b); D. Minn. LR 72.1, 72.2. Here, Magistrate Judge Brisbois possessed authority to address Mr. Adams's non-dispositive motions in the first instance, and the fact that Mr. Adams's non-dispositive motions were intertwined with the Defendant's dismissal motion prompted me to designate Magistrate Judge Brisbois to recommend disposition of the dismissal motion. In other words, Magistrate Judge Brisbois had authority to do what he did even though Mr. Adams did not consent.

II

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint[.]'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.

1999)).  Magistrate Judge Brisbois properly relied on publicly available court records and filings in considering Defendants' motion.

Mr. Adams objects to Magistrate Judge Brisbois's recommendation that the Complaint be dismissed under Minnesota's claim preclusion doctrine.[2]  ECF No. 36 ¶¶ 12–15, 23.  Magistrate Judge Brisbois recommended finding that Mr. Adams is "substantively barred" from raising claims in his federal complaint, because he raised the same claims in his previous state court complaint, and those claims were dismissed with prejudice by operation of Minn. R. Civ. P. 5.04(a).  ECF No. 34 at 15.  Mr. Adams argues that claim preclusion does not apply because his previous state-court complaint and his complaint in this case involve different parties and different facts.  ECF No. 36 ¶¶ 12–15, 23.

A later claim is barred under Minnesota law "where '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'"  *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)); *see also Aaron Carlson Corp. v. Cohen*, 933 N.W.2d 63, 72 (Minn. 2019) (same).  The elements of res judicata to which Mr. Adams objects clearly are met here.

---

[2]   Some of Mr. Adams's arguments concern collateral estoppel, a different preclusion doctrine.  ECF No. 26 ¶¶ 17–18, 22, 24.  The confusion is understandable.  Regardless, Magistrate Judge Brisbois did not find or recommend finding that collateral estoppel applies in this case.

(1) The factual circumstances in both cases are the same. Both the state and federal complaints are comprised of allegations against the City of St. Paul—namely, that between 2010 and 2018, the City's law enforcement officers, Parking Enforcement officers, and Zoning Department repeatedly harassed Mr. Adams and illegally confiscated his property. ECF No. 1 at 4–7; ECF No. 17-2 at 80–88. Both contain allegations that the City raided Mr. Adams's property (ECF No. 17-2 at 81; ECF No. 1 ¶ 3); marked his vehicles (ECF No. 17-2 at 88; ECF No. 1 ¶ 9); destroyed his mailbox (ECF No. 17-2 at 84; ECF No. 1 ¶ 10); and illegally removed a snowblower, lawnmower, weed whacker, and truck from his property (ECF No. 17-2 at 84; ECF No. 1 ¶ 8). Notably, the federal complaint does not allege any actions that took place after the state complaint was served.[3]

(2) The parties are identical across both suits. Mr. Adams is the only plaintiff in each case. *See* ECF No. 17-2 at 87; ECF No. 1 at 1, 4. The City of St. Paul is the only defendant in each case. Though Mr. Adams identified other defendants in the caption of the state court complaint (ECF No. 17-2 at 78), the City of St. Paul appears to have been the only defendant served with that complaint. ECF No. 36 ¶¶ 9, 11, 26. Likewise, here, Mr. Adams listed "City of St Paul et. al. and unknown agents" as the defendants in the case caption. ECF No. 1 at 1. However, he lists only "City of St. Paul" in his form complaint. *Id.* at 4. Mr. Adams alleges that different police officers harassed him at different times.

---

[3] In his objections, Mr. Adams seems to acknowledge that the complaints are substantially the same. After discussing the 2018 state-court complaint, he notes, "I never attempt[ed] fileing [sic] of the [2018 state-court] complaint again until the 7-29-22 federal court house." ECF No. 36 ¶ 11.

4

*Id.* ¶¶ 14–15, 23.  However, he admits that all officers are from the same police department (*Id.* ¶¶ 16, 23), and he is suing the City, not individual officers.

(3) Mr. Adams challenges the Report and Recommendation's characterization of the timing and filing of his complaints.  Though the city clerk received the summons and complaint on December 17, 2018, Adams claims that he could not have served it then because he was in South Dakota, not Minnesota, at the time.  ECF No. 36 ¶¶ 1, 10; ECF No. 37.  He claims he filed his original complaint on November 29, 2018 with the "civil division, room 600," not the city clerk's office.[4]  *Id.* ¶¶ 8–9, 11, 26.  Because Mr. Adams claims that he *filed* the complaint, not just *served* it, this objection is best understood as a challenge to Magistrate Judge Brisbois's finding that there was a final judgment on the merits of his state court case, an element of res judicata.

Minnesota Rule of Civil Procedure 3.01(a) provides that a civil action is commenced when the summons is served upon the defendant.  Rule 5.04(a) imposes a one-year deadline to file a complaint with the court after it is commenced against a party.  Any action that is not filed within one year of commencement is deemed dismissed with prejudice unless the parties stipulate to an extension.  Minn. R. Civ. P. 5.04(a).

---

[4]    Mr. Adams provides a November 29, 2018 letter that he was sent by the Ramsey County District Court Clerk's office as support for his contention that he filed his complaint in Ramsey County District Court on that date.  ECF No. 33.  This letter is not helpful. Other than handwritten notes in the margins—apparently written by Mr. Adams due to their first-person narration—the document contains no references to a complaint or any information demonstrating that the letter is in any way associated with Mr. Adams's later-served complaint.  *See id.*  Rather, the document refers to a "$75 motion fee."  Further, in his handwritten margin notes, Mr. Adams refers the document associated with this letter as a "motion" at multiple points.  *See id.*

The record shows that the St. Paul city clerk received a summons and complaint from Mr. Adams on December 17, 2018. ECF No. 17-2 at 80. The action was commenced on that date, pursuant to Rule 3.01(a). A search of Minnesota state court records shows that Mr. Adams did not subsequently file the complaint in Ramsey County District Court, and that the complaint was therefore considered dismissed with prejudice on December 17, 2019, pursuant to Rule 5.04(a).[5] Mr. Adams attests that he was in South Dakota on December 17, 2018. The state court complaint is not dated. Regardless, a small discrepancy in the timing of a summons's receipt does not affect the analysis. The complaint was never filed in state court and was therefore deemed dismissed with prejudice a year later.

(4) Mr. Adams does not object to Magistrate Judge Brisbois's analysis of the remaining factors. Regardless, Magistrate Judge Brisbois's analysis of these factors has been reviewed carefully and is correct.

IV

Mr. Adams asserts several miscellaneous objections, including allegation of fraud and an allegation that Magistrate Judge Brisbois is biased. *See, e.g.*, ECF No. 36 ¶¶ 2, 8. Mr. Adams provides no basis for those objections. They will therefore be overruled.

---

[5]   A search for any cases in any state court involving Adams between November 2018 and December 2019 returned no results on the Minnesota Court Records Online (MCRO) database. A search for *all* cases involving Adams returned several results, the most recent of which is from October 2017 and is unrelated to the complaints at issue here. *See* Minn. Jud. Branch, *Minnesota Court Records Online (MCRO)*, https://publicaccess.courts.state.mn.us/CaseSearch (last visited Apr. 20, 2023).

V

Lastly, Mr. Adams requests a 30-day extension of time in order to "gather research once off lock down to respond to defendant reply which is mockery of the courts [sic]." ECF No. 40. Mr. Adams had ample opportunity to object to the Order and Report and Recommendation, and he exercised that option. *See* ECF No. 36. Mr. Adams's request will be denied.

VI

Magistrate Judge Brisbois's dismissal recommendation was correct and will be accepted. The correctness of that recommendation means the mootness-based denial of his various discovery motions also was correct.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings in this matter, **IT IS ORDERED THAT**:

1. Plaintiff Frankie Edward Adams's Objections to the Report and Recommendation [ECF No. 36] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 34] is **ACCEPTED** in full.

3. Defendant City of St. Paul's Motion to Dismiss [ECF No. 12] is **GRANTED**.

4. Mr. Adams's objections to the mootness-based denial of his various motions [ECF Nos. 23, 27, 28, and 32] are **OVERRULED**, and those orders are **AFFIRMED**.

5. Mr. Adams's Motion for an Extension of Time [ECF No. 40] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 2, 2023                           s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court